**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| COLEMAN JEFFERSON VAOGA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et. al.*,<br><br>Defendants. | Case No. 3:21-CV-00377-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Coleman Jefferson Vaoga's ("Vaoga"), application to proceed *in forma pauperis* (ECF No. 6), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Vaoga's *in forma pauperis* application, (ECF No. 6), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Vaoga initially filed this action without filing an application to proceed IFP. (*See* ECF No. 1.) On August 25, 2021, October 1, 2021, and October 15, 2021, the Court ordered Vaoga to submit a <u>complete</u> application to proceed IFP. (ECF Nos. 3, 5, 7.) Vaoga has not complied with the Court's orders to submit a fully complete IFP application. However, due to his *pro se* status, and based upon the documents that have been submitted—ECF Nos. 4, 6—the Court finds that Vaoga cannot pay the filing fee. Therefore, the Court recommends that the application, (ECF No. 6), be granted and Vaoga be granted permission to proceed IFP.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on

its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III. SCREENING OF COMPLAINT

In his complaint, Vaoga sues Defendants State of California, Chacawalla Correctional State Prison, and N. Las Vegas Community for civil rights violations pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1-1 at 1-3.) Vaoga states the defendants were acting under the color of law based on "brutal, agony, malee (sic), home invation (sic)" and states the nature of the case is "pursuit." (*Id.* at 3.) Vaoga does not specify the basis for this Court's jurisdiction, any legal basis for his claim, and does not state his requested relief.

Even construing the allegations of Vaoga's complaint liberally, the Court cannot conceive or construe any specific set of circumstances under which these conclusory statements would give rise to any federal constitutional or statutory right. The complaint is vague, rambling, nonsensical, and filled with incomplete sentences. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is

entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). It must also include "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3). Here, Vaoga's largely incomprehensible narrative makes it nearly impossible for the Court to identify the factual or legal basis for his claims or the nature of his requested relief. Thus, Vaoga states no claim upon which relief may be granted, therefore this action should be dismissed with prejudice. Leave to amend is not appropriate because the deficiencies in Vaoga's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

Notwithstanding the above, the Court also recommends dismissal of the State of California, with prejudice, as amendment would be futile. Vaoga cannot raise 42 U.S.C. § 1983 claims against the State of California based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983). Thus, to the extent Vaoga seeks to sue the State of California in its official capacity pursuant to Section 1983, such claims are barred under the Eleventh Amendment. Further, Chacawalla Correctional State Prison is an inanimate building, not a person or entity subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition."). Thus, Chacawalla Correctional State Prison is not subject to liability and must be dismissed.

Based on all of the above, the Court recommends the complaint be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Vaoga's application to proceed *in forma pauperis*, (ECF No. 6), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Vaoga's application to proceed *in forma pauperis*, (ECF No. 6), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Vaoga's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**: December 20, 2021.

**UNITED STATES MAGISTRATE JUDGE**